# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 00 CR 104-1 |
| | ) |
| CHRISTOPHER PATTERSON, | ) Wayne R. Andersen |
| | ) District Judge |
| Defendant . | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the motion of Christopher Patterson to "Sua Sponte Recall Mandate," which this court will treat as a petition for a reduction in his sentence. For the following reasons, Patterson's motion is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

On September 6, 2001, Patterson pled guilty to two counts of violations of 18 U.S.C. §2113(a) and (d). Patterson admitted robbing a TCF Bank on December 4, 1998 and also admitted attempting to rob that same bank again on June 10, 1999. On March 12, 2002, this court sentenced Patterson to 140 months in prison. Patterson did not appeal his sentence or conviction nor did he file a motion for post-conviction relief.

## DISCUSSION

In this motion, Patterson claims that his sentence should be reduced because (1) the United States Sentencing Guidelines are no longer mandatory, (2) the court indicated at sentencing that it had reservations about Patterson's sentence but was constrained by the sentencing guidelines, and (3) Patterson's post-conviction behavior demonstrates his successful

rehabilitation. Patterson bases his request for a sentencing modification upon *United States v. Booker*, 543 U.S. 220 (2005), arguing that it grants this court authority to reexamine his sentence. However, as is demonstrated below, this court lacks subject matter jurisdiction over post-*Booker* motions for sentencing adjustments. *United States v. Smith,* 438 F.3d 796, 799 (7th Cir. 2006).

In order to adjust a defendant's sentence, this court must have authority over him, or in legal terms, have jurisdiction over his re-sentencing. The Sentencing Reform Act, codified at 18 U.S.C. §3582(c), imposes jurisdictional restrictions upon this court that restrict its ability to consider a request for a sentence modification. The Act only grants this court the power to change a sentence in certain limited and specific circumstances. Absent a remand from the appellate court for re-sentencing, a district court's authority to alter a defendant's sentence is limited by §3582(c), which provides that a court may not modify a term of imprisonment once it has been imposed except (1) on motion of the Director of the Bureau of Prisons ("BOP"); (2) as permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) *sua sponte* or on motion of the defendant when defendant was sentenced based upon a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o). If Patterson's case does not fall into one of these enumerated circumstances, then this court has no power to reduce his sentence.

On the record before us, none of these provisions apply to Patterson's motion. The BOP has not moved to reduce his sentence, the time limit for requesting the sentencing court to correct clear, technical or arithmetical error as permitted by Fed. R. Crim. P. 35 has long since passed, and the Sentencing Commission has not lowered the Guidelines range for his offense. Because none of these provisions apply to Patterson's motion, under *Smith*, this court cannot

merely deny his motion but must actually dismiss it.

In *Smith*, the Seventh Circuit interpreted §3582(c) to "limit[] the substantive authority of the district court," thus the statute functions as "a real 'jurisdictional' rule rather than a case-processing requirement." *Smith*, 799. The government correctly argues that *Smith* effectively removes this court's subject matter jurisdiction over defendant's motion, and requires this court to dismiss it. This court must dismiss the motion because, under *Smith*, it lacks the authority to rule on it. The Seventh Circuit has made the seriousness of this jurisdictional limitation clear, describing it as "the sort of limit that must be respected, and which we must enforce even if everyone else has ignored it." *Id.* Following *Smith*, this court must dismiss Patterson's motion for lack of subject matter jurisdiction.

## CONCLUSION

Defendant Christopher Patterson's motion to "Sua Sponte Recall Mandate" (#83) is dismissed for lack of subject matter jurisdiction. This is a final and appealable order. It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated:   September 29, 2009